IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| TIVIE DIETRICH, individually, and on behalf of all other similarly situated employees,<br>                   Plaintiffs,<br><br>vs.<br><br>LIBERTY SQUARE, LLC, and AMERICAN HEALTHCARE MANAGEMENT SERVICES, LLC,<br>                   Defendants. | No. C 05-2037-EJM<br><br>ORDER |

This matter is before the court on American Healthcare Management's resisted Motion to Dismiss, filed April 15, 2005, and on plaintiff Frisbie's unresisted Motion to Dismiss plaintiff Frisbie's Claims, filed May 17, 2006. American Healthcare's Motion to Dismiss denied as to Count 1, granted as to Count 2. Motion to Dismiss Frisbie's Claims granted.

Plaintiffs initially filed this matter against defendant Liberty Square and American Healthcare Management Systems (American Healthcare) on March 9, 2005 in the Iowa District Court for Floyd County, seeking damages for defendants' alleged violation of the Fair Labor Standards Act (FLSA), 29 USC §201 et seq., (Count 1) and the Iowa Wage Payment Collection Act, IC §91A (Count 2), arising from defendants' alleged failure to pay overtime compensation.

On March 31, 2005, defendants removed the matter to this court pursuant to 28 USC §1441(a). The court has jurisdiction pursuant to 28 USC §1331.

Defendant American Healthcare seeks dismissal, asserting that the FSLA and the Iowa Wage Payment Collection Act apply only to employers, and that it is not plaintiffs' employer.

On October 17, 2005, noting that American Healthcare submitted materials outside the pleadings, the court entered an order treating the matter as a summary judgment motion, and granting the motion unless plaintiffs filed a supplemental resistance. Plaintiffs filed a resistance on October 31, 2005, and defendant sought and received an extension until November 15, 2005, within which to reply. Following defendant's reply, on November 28, 2005, plaintiffs filed a Motion to File a Third Amended Complaint, which was denied on December 6, 2005.

On February 28, 2006, the parties filed a joint motion for extension of deadlines, stating that they were engaged in negotiations that could result in resolution of this matter. The motion was granted on March 1, 2006. On April 28, 2006, the parties advised that the negotiations were unsuccessful. Accordingly, the instant motion shall be addressed.

Under the FLSA, an employer is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee...." 29 USC §203(d). An employee is defined as "any individual employed by the employer." 29 USC §203(e)(1). Under the Iowa Wage Payment Collection Act, an employer is defined as "a person ... who ... employs for wages a natural person." IC §91A.2(4). An employee is defined as "a natural person...who is employed for wages by an employer." IC §91A.2(3).

> Fed. R. Civ. P. 56(c) provides that summary judgment shall be entered if the "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  In deciding whether to grant a motion for summary judgment, the district court must view the evidence in favor of the party opposing the motion and give him the benefit of all reasonable inferences.  Kegel v. Runnels, 793 F.2d 924, 926 (8th Cir. 1986).  However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings.  Buford v. Tremayne, 747 F.2d 445, 447 (8th Cir. 1984).  The opposing parties must resist the motion by setting forth specific facts showing that there is a genuine issue of material fact for trial.  Id., (citing Fed. R. Civ. P. 56(e) and Burst v. Adolph Coors Co., 650 F.2d 930, 932 (8th Cir. 1981)).

Green v. St. Louis Housing Authority, 911 F.2d 65, 68 (8th Cir. 1990).

As to Count 1, upon the record before the court and in light of the appropriate standards, the court is satisfied that there exists a disputed issue of fact as to whether American Healthcare was plaintiffs' employer within the meaning of the applicable law, and therefore the motion shall be denied.  See Darby v. Bratch 287 F3d 673, 681 (8th Cir. 2002) (exploring similar language under 29 USC §2611, and discussing 29 USC §203(d) by analogy, court observed the expansive plain language of statute included persons other than the employer itself).  See also Brown v. L&P Industries, LLC., 2005 SL 3503637 (ED Mo. 2005) (employee may have several simultaneous "employers" under §203(d)).

The language of the Iowa Wage Payment Collection Law is more restrictive that the FLSA, as noted above.  Upon this record and in light of the applicable standards, it is the court's view that American Healthcare neither pays wages to plaintiffs, nor "employs" plaintiffs, see Runyon v. Kubota Tractor Corporation, 653 NW2d 582, 586 (IA

2002) (discussing definition of "employ"), and therefore plaintiffs have failed to generate a disputed issue of material fact as to whether American Healthcare is plaintiffs' employer within the meaning of IC §91A.2(4).

It is therefore

ORDERED

1. American Healthcare's Motion to Dismiss denied as to Count 1, granted as to Count 2.

2. Dismissed as to plaintiff Frisbie.

July 6, 2006.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT